(84 South. 752)

MULCAHY v. MULCAHY. (3 Div. 424.)

(Supreme Court of Alabama. Dec. 18, 1919.)

EVIDENCE ☞568(1)—TESTIMONY OF WITNESS THAT HE OWNS CERTAIN PROPERTY IN FEE HELD INSUFFICIENT PROOF OF OWNERSHIP.

On life tenant's bill for permission to sell the property and use proceeds to satisfy indebtedness on other property owned by life tenant under agreement to convey such title to the remaindermen, the life tenant's testimony that he owned the property in fee *held* insufficient to show such ownership; additional proof of ownership being necessary.

Appeal from Circuit Court, Montgomery County; William L. Martin, Judge.

Bill by Patrick Mulcahy for the sale of certain lands for reinvestment for the benefit of his minor heirs. From the decree rendered the minor heirs appeal. Reversed and remanded.

Patrick Mulcahy is the father of the six respondents, all of whom are minors. Patrick Mulcahy owns a life estate in certain property on Alabama street in the city of Montgomery, with the remainder in the six respondents to this bill. Patrick Mulcahy owns certain real estate situated on Monroe street in the city of Montgomery, and it is agreed that the reasonable market value of each place is $5,000. A citizen of Montgomery offers $5,000 for the Alabama street property, and Mulcahy desires to sell this property to him, and with the proceeds pay off an indebtedness on the Monroe street property, putting the title in the children. The court decreed a private sale of the Alabama street property, with an order to the register that out of the proceeds of this sale the mortgage on the Monroe street property be paid off and discharged, the remainder be paid to Patrick Mulcahy, and that the title to the Monroe street property be vested in the six minor children.

C. P. McIntyre, of Montgomery, for appellant. Counsel propounds the inquiry if the court of chancery has the authority to authorize a private sale of property belonging to minors for reinvestment. He cites no authority in answer thereto.

Weil, Stakely & Vardaman, of Montgomery, for appellee. Where it is to the best interest of the minors, a court of chancery has authority to authorize a private sale of property for reinvestment. 176 Ala. 314, 58 South. 311, Ann. Cas. 1915A, 561; 14 South. 475; 82 Ala. 489, 1 South. 716; 64 Ala. 410; 16 Ala. 409.

SAYRE, J. This court, trying this cause de novo, is not satisfied on the record that appellee has a good title to the Monroe street property which he proposes to substitute for the interest of his children in the property on Alabama street. True, appellee testifies that he owns the property in fee, but that may be, probably is, nothing more than the opinion of a layman on a question of title, which in many cases involves considerations of great technical importance. We do not

for a moment doubt the entire good faith of appellee's statement, still it remains to be said that no purchaser for value would accept a title without further certification, and so we think the trial court should have had some further and more satisfactory proof of the title in this case. In every other respect the record is free from error.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.